IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANATOLIY KOTELNIKOV                          Civil No. 06-1679-AA
                                             OPINION AND ORDER
          Plaintiff,

     vs.


PORTLAND HABILITATION CENTER,
an Oregon corporation.

          Defendant.
_____

Carla A. Anderson
Wesson & Anderson
9115 S.W. Oleson Road
Portland, OR 97223
     Attorney for Plaintiff

Brenda K. Baumgart
Andrew M. Schpak
Barran Liebman LLP
601 S.W. Second Ave
Portland, OR 97204
     Attorneys for Defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Pending before the court is Portland Habilitation Center's ("defendant") motion for summary judgment.

<u>BACKGROUND</u>

In this action, plaintiff Anatoliy Kotelnikov filed a worker's compensation discrimination claim against the defendant, his employer. On December 24, 2002, defendant hired plaintiff. Defendant is a non-profit corporation that trains and employs people with disabilities. Defendant employs Javits-Wager-O'Day Act ("JWOD), 41 U.S.C. § 46 et seq., employees. JWOD provides employment opportunities for people with severe disabilities in the manufacture and delivery of products and services to the federal government. On or about January 2, 2003, plaintiff was classified as JWOD-eligible. During plaintiff's employment, defendant had a government contract with the United States Navy which required an urgent delivery date. Plaintiff worked on this project until it was completed.

On January 16, 2004, plaintiff suffered an on-the-job injury to his left hand while operating machinery. Plaintiff received medical treatment and workers' compensation benefits. On March 30, 2004, plaintiff returned to work for defendant on light duty. On May 8, 2004, plaintiff returned to full-time work. Plaintiff alleges that when he returned to work, defendant retaliated against him for applying for workers' compensation benefits by

criticizing his job performance and assigning him work that caused subsequent strain and pain to his already injured hand. On August 9, 2004, plaintiff was terminated.

In addition, plaintiff alleges that he was watched closely by the defendant, including being timed in completing his project, when he returned from his injury.  As such, plaintiff filed a complaint with the Oregon Bureau of Labor and Industrial ("BOLI") asserting the workers' compensation claims now asserted in this action.  Plaintiff received a right-to-sue letter from BOLI and filed this workers' compensation discrimination claim pursuant to ORS 659A.040.

Defendant argues that it was experiencing a slowdown in its production department, where plaintiff was working, in May 2004. As a result, defendant alleges that plaintiff and two other employees were laid off in July and August 2004 due to a work shortage.  In addition, defendant alleges that plaintiff had the least seniority of all the production workers and less seniority than the other two employees who were laid off.  Defendant also alleges that plaintiff's work was timed before and after his workers' compensation injury.

                    STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

Page 3 - OPINION AND ORDER

genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law." Fed. R. Civ. P.
56(c). Substantive law on an issue determines the materiality of
a fact. T.W. Electrical Service, Inc. v. Pacific Electrical
Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether
the evidence is such that a reasonable jury could return a
verdict for the nonmoving party determines the authenticity of a
dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986).

The moving party has the burden of establishing the absence
of a genuine issue of material fact. Celotex Corp. v. Catrett,
477 U.S. 317, 323 (1986). If the moving party shows the absence
of a genuine issue of material fact, the nonmoving party must go
beyond the pleadings and identify facts which show a genuine
issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary
judgment motions: (1) all reasonable doubts as to the existence
of genuine issues of material fact should be resolved against the
moving party; and (2) all inferences to be drawn from the
underlying facts must be viewed in the light most favorable to
the nonmoving party. T.W. Electrical, 809 F.2d at 630.

<u>DISCUSSION</u>

Plaintiff alleges that his use of the workers' compensation
system was the catalytic event that spurred defendant's decision

to modify and terminate plaintiff's employment.  Plaintiff argues that defendant's actions violated plaintiff's rights under ORS 659A.040.

Pursuant to McDonnell Douglas, plaintiff has the initial burden to establish a prima facie case of discrimination.  To establish a prima facie case, plaintiff must present sufficient admissible evidence to raise an inference that misconduct occurred, but need not prove actual discrimination.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Warren v. City of Carlsbad, 58 F.3d 439, 442 (9th Cir. 1995).  Once plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action.  McDonnell Douglas, 411 U.S. at 802-04.  If the defendant is successful, then the burden returns to the plaintiff to show by a preponderance of the evidence that the alleged legitimate, nondiscriminatory reason for the employment action is merely a pretext for discrimination. Id.

To establish a prima facie case for retaliatory discrimination pursuant to ORS 659A.040, a plaintiff must show that he: (1) invoked the workers' compensation system; (2) was discriminated against in the tenure, terms or conditions of employment; and (3) the employer discriminated against plaintiff in the tenure or terms of employment because he invoked the

Page 5 - OPINION AND ORDER

workers' compensation system.  Kirkwood v. Western Hwy Oil Co.,
204 Or. App. 287, 293, 129 P.3d 726, rev. denied, 341 Or. 197,
140 P.3d 580 (2006); Williams v. Freightliner, LLC, 196 Or. App.
83, 90, 100 P.3d 1117 (2004).

Here, plaintiff establishes a prima facie case of
discrimination.  There is no dispute that plaintiff filed a claim
pursuant to ORS Chapter 656, nor is there any dispute that
defendant modified or terminated plaintiff's employment.
Plaintiff must show that his protected activity was a "factor
that made a difference" in defendant's decision to modify or
terminate his employment.  Dickison v.  Wal-Mart Stores, Inc.,
2007 U.S. Dist. LEXIS 48077, *7 (July 2, 2007).

Plaintiff alleges two adverse employment actions: (1)
assigned work requiring him to work with heavy paper rolls,
causing strain and pain to his already injured hand; and (2)
plaintiff's employment with defendant terminating on August 9,
2004.  Plaintiff filed a workers' compensation claim sometime
between his injury on January 16, 2004, and the date he returned
to work on March 30, 2004.  The court notes that the fact
plaintiff filed a claim, and later suffered some adverse
employment action, is insufficient, without more, to establish
the required causal connection between the two events.  Hardie v.
Legacy Health Systems, 167 Or. App. 425, 433, 6 P.3d 531 (2000)
(plaintiff must establish as part of prima facie case that he was

Page 6 - OPINION AND ORDER

discharged because he filed a workers' compensation claim). The evidence plaintiff relies on is the defendant closely watching over him, timing his work, and assigning him work causing additional strain on his already injured hand.

Oregon courts have held that conflicts between plaintiff's and defendant's evidence in a workers' compensation retaliation case can preclude summary judgment. Kirkwood, 204 Or. App. at 293. In Kirkwood, plaintiff was fired for insubordination and time card discrepancies three years after filing his second workers' compensation claim. Similarly, no other employees received the same discipline. Id. Further, the employer argued it had two legitimate reasons to fire plaintiff - his insubordination and inaccurate time cards. The court held there was a reasonable inference that defendant had a discriminatory motive when it fired plaintiff, despite the three-year gap between the second injury and the firing, and despite defendant's evidence of non-discriminatory reasons for the adverse employment action. Id. at 294.

Plaintiff relies on the actions noted above to assert that at least a question of fact exists as to whether the impetus behind defendant's adverse employment actions were retaliatory. I agree and find plaintiff states a prima facie case for discrimination.

Defendant next argues that a legitimate, non-discriminatory reason exists for plaintiff's termination, specifically, the shortage of work for all employees.  In fact, defendant contends that two additional employees were laid off who both had more seniority than plaintiff.  Based on this evidence, defendant successfully articulates a legitimate, non-discriminatory reason for plaintiff's termination.

The burden now reverts to plaintiff to show pretext. Defendant does not dispute that upon plaintiff's return from medical leave, he was assigned work that caused additional strain on his already injured hand.  This fact is sufficient for it to be inferred that defendant may have had a discriminatory motive for modifying plaintiff's employment.

Relying on Kirkwood, I find that questions of fact exist as to whether the adverse employment actions were taken because plaintiff filed a workers' compensation claim.  "Although defendant's evidence would also permit a jury to draw a reasonable inference to the contrary, the conflicts in the evidence do not entitle defendant to judgment as a matter of law."  Id.   Therefore, defendant's motion for summary judgment on plaintiff's workers' compensation discrimination claim is denied.

CONCLUSION

Defendant's motion for summary judgment (doc. 24) is DENIED.

Further, defendant's request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this  3  day of March 2008.


                                    /s/ Ann Aiken
                                    Ann Aiken
                          United States District Judge